UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARON DRISCOLL,

                          Plaintiff,
v.                                    REPORT & RECOMMENDATION

CORRECTION OFFICER                  17-CV-6839-EAW-MJP
WASHBURN, *et al.*,

                          Defendants.
_____

## INTRODUCTION

**Pedersen, M.J.** On July 28, 2020, the undersigned issued an Order to Show Cause to Plaintiff directing him to show cause as to why this case should not be dismissed pursuant to Western District of New York Local Rule of Civil Procedure 41(b). (ECF No. 29.) For the reasons stated below, the undersigned recommends that the district court enter an Order dismissing this case.

## BACKGROUND

By text order entered on January 13, 2020 (ECF No. 13), the district court referred this case to the undersigned for all pretrial matters excluding dispositive motions. On February 14, 2020, Plaintiff updated his address to the 1016 Oak Street, Elmira, New York 14901. (ECF No. 20.) On March 24, 2020, Defendant Washburn filed a motion (ECF No. 25) to opt out of alternative dispute resolution. On March 31, 2020, the undersigned scheduled a Motion Hearing to be held before the undersigned on April 15, 2020. (Text Motion Scheduling Order, Mar. 31, 2020, ECF No 26.) On

April 15, 2020, counsel for the defendants, appeared by telephone; plaintiff Daron Driscoll did not appear and has not been in contact with either the opposing party or the Court since then.

On July 28, 2020, the undersigned issued the above-described Order to Show Cause. (ECF No. 29.) The Order was mailed to the pro se Plaintiff at 1016 Oak Street, Elmira, New York 14901. The Order to Show Cause directed Plaintiff to respond by August 17, 2020, and contained this warning: "Failure to comply with this order will result in the Court's recommendation that the action be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b)." (Order to Show Cause 1, ECF No. 29.)

## APPLICABLE LAW

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. This Court's local rule 41 permits the Court to issue an Order to Show Cause:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.

W.D.N.Y. Loc. R. Civ. P. 41(b) (Jan. 1, 2020). The Second Circuit has held that:

> a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the

2

efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted).

*LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001).

## ANALYSIS

Plaintiff commenced this action on December 4, 2017; thus, the case has been pending for more than six months. Plaintiff failed to show for the April motion argument, and, more importantly, failed to respond to the July Order to Show Cause. The last contact with Plaintiff was at the scheduling conference on March 11, 2020, almost six months ago. (ECF No. 24.)

The Court's July 28, 2020, Order to Show Cause was clear:

Pursuant to Western District of New York Local Rule of Civil Procedure 41(b), **plaintiff Daron Driscoll is hereby ordered to show cause** as to why this case should not be dismissed for failure to prosecute.

The deadline to respond to this Order to Show Cause is August 17, 2020. Failure to comply with this order will result in the Court's recommendation that the action be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

(Order to Show Cause 1, ECF No. 29.) Plaintiff has previously demonstrated that he understands the possibility of a dismissal being entered as he previously responded to an Order to Show Cause issued by the district judge on January 29, 2020 (ECF No. 18), by updating his address (ECF No. 20). The only conclusion to draw from Plaintiff's failure to comply with the Court's orders is that he is deliberately ignoring them.

Lesser sanctions will have no effect in the face of Plaintiff's willful disobedience. Plaintiff has been on notice of the potential sanction for non-compliance since July, and has not communicated with the Court. This case has been pending for almost three years; it does not appear that discovery is yet complete. Further, the Court will be providing Plaintiff another opportunity to respond to its orders by way of objecting to this Report and Recommendation, and if he fails to do so, the Court will be fully justified in dismissing the case.

## CONCLUSION

For all of the above reasons, the undersigned recommends that the district court enter an Order dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 4, 2020
      Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS**[1] to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

---

[1] **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**: The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Wolford.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

DATED: September 4, 2020
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

6