UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARON ERLE DRISCOLL,

        Plaintiff,

   v.

CORRECTIONAL OFFICER WASHBURN,

        Defendant.
_____

**DECISION AND ORDER**

6:17-CV-06839 EAW

Plaintiff Daron Driscoll ("Plaintiff") commenced this action on December 3, 2017. (Dkt. 1). On September 24, 2020, this Court adopted a Report and Recommendation (Dkt. 30) entered by United States Magistrate Judge Mark W. Pedersen and dismissed Plaintiff's amended complaint. (Dkt. 31). Presently before the Court is Plaintiff's motion for reconsideration of the dismissal of his case. For the reasons that follow, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

### I.   Factual Background

The factual background of this case is set forth in detail in the Report and Recommendation, familiarity with which is assumed for purposes of this Decision and Order. To the extent relevant, the Court has summarized the key details below, and includes the relevant developments since the issuance of the Report and Recommendation.

- 1 -

## II.  **Procedural Background**

Plaintiff filed this action on December 4, 2017. (Dkt. 1). He was granted permission to proceed *in forma pauperis* and leave to file an amended complaint, which he did on October 19, 2018. (Dkt. 4, Dt. 5). Defendant filed an answer on January 9, 2020. (Dkt. 12). The case was referred for all pretrial matters excluding dispositive motions to Magistrate Judge Pedersen pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(C). (Dkt. 13).

On January 29, 2020, an Order to Show Cause was entered directing Plaintiff to show cause why his case should not be dismissed for failure to notify the Court of a change in address. (Dkt. 18). Plaintiff timely responded to the Order to Show Cause and provided the Court with an updated address. (Dkt. 20).

On July 28, 2020, Magistrate Judge Pedersen issued an Order to Show Cause pursuant to Local Rule of Civil Procedure 41(b) based on Plaintiff's failure to appear by telephone at a motion hearing on April 15, 2020, and failure to contact either the Court or opposing counsel since that date. (Dkt. 29). After Plaintiff failed to respond to the Order to Show Cause by the deadline set forth, on September 4, 2020, Judge Pedersen issued a thorough Report and Recommendation recommending that Plaintiff's amended complaint be dismissed pursuant to Local Rule 41(b). (Dkt. 30). Pursuant to Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections. (*Id.*). No objections were filed to the Report and Recommendation and on September 24, 2020, this Court adopted the Report and Recommendation and dismissed Plaintiff's amended complaint. (Dkt. 31). Judgment was entered on the same date. (Dkt. 32).

On October 2, 2021, Plaintiff filed the instant motion for reconsideration of the dismissal of his amended complaint, on the basis that the reason for his failure to appear and prosecute his case was his illness with COVID-19. (Dkt. 33). By Text Order dated October 6, 2020, the Court directed that by no later than October 27, 2020, "Plaintiff shall submit to the Court additional evidence, including medical documentation in the form of a sworn affidavit, explaining why he was unable to prosecute his case due to his COVID-19 diagnosis and the time frame pertaining to his diagnosis." (Dkt. 34). Plaintiff submitted a response on October 21, 2020 (Dkt. 36), and Defendant filed a response to Plaintiff's submission on October 22, 2020 (Dkt. 35).

## DISCUSSION

**I.    Legal Standard for Motion for Reconsideration**

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)), *aff'd*, 594 F. App'x 25 (2d Cir. 2015). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

## II.     Merits of Plaintiff's Motion

Plaintiff moves for reconsideration of the Order dismissing his amended complaint on the basis that his illness with COVID-19 prevented him from prosecuting his case. The Court finds that Plaintiff's submissions do not meet the burden for reconsideration and his *pro se* status cannot otherwise excuse his lack of compliance with Court orders.

As an initial matter, it is not clear from Plaintiff's filings whether he is contending that his illness with COVID-19 prevented him from participating in the April 15, 2020 telephone conference with Magistrate Judge Pedersen or from responding to the August 17, 2020 deadline to respond to the Order to Show Cause. The only telephone hearing

- 4 -

requiring Plaintiff's participation was the April 2020 conference, but the motion for reconsideration refers to Plaintiff's "fail[ure] to appear by telephone for a motion hearing on August 15, 2020." (Dkt. 33). He further states that "the reason for his absence" at the hearing was his illness and requests that a new hearing be scheduled. (Dkt. 33). His later submissions refer to his being sick for "almost the whole month of August," which would not have affected an ability to participate in a telephone conference in April of 2020. (Dkt. 36). Accordingly, for purposes of this Decision and Order, the Court will presume that Plaintiff is contending that his illness prevented him from responding to the Order to Show Cause deadline.

This discrepancy aside, an additional issue is that Plaintiff's October 21, 2020 submissions do not comply with the Court's October 6, 2020 Text Order, which required the submission of evidence "including medical documentation *in the form of a sworn affidavit*, explaining why he was unable to prosecute his case due to his COVID-19 diagnosis and the time frame pertaining to his diagnosis." (Dkt. 34) (emphasis added). Because Plaintiff did not submit a sworn affidavit with his response, that failure alone subjects his motion for reconsideration to dismissal.

But even if Plaintiff's submissions were in the proper evidentiary form, they fail to adequately explain why he was unable to prosecute his case due to his illness. First, Plaintiff candidly admits that he never actually received a positive COVID-19 diagnosis. Instead he states that he and other family members were in close contact on July 20, 2020 with an aunt who tested positive for COVID-19 on July 25, 2020. Plaintiff did submit a COVID-19 test result dated July 25, 2020, allegedly for his aunt, which was collected in

Florida on July 21, 2020. Plaintiff, who resides in New York, provides no explanation as to the nature or location of the contact with this aunt. The conclusory information provided cannot support the required showing documenting Plaintiff's COVID-19 illness and the time frame pertaining to it.

Moreover, while Plaintiff alleges that he was sick for "almost the whole month of August," the Report and Recommendation recommending dismissal of his amended complaint was issued on September 4, 2020. Plaintiff was provided 14 days from receipt of the Report and Recommendation to object to the recommendation and did not file any objections. Any illness suffered by Plaintiff in August would not have prevented him from filing a timely objection to the Report and Recommendation or otherwise explain his lack of any submission to the Court prior to the filing of his motion for reconsideration on October 2, 2020.

Accordingly, there being no showing of an intervening change of law, identification of new evidence, or any other error or injustice excusing Plaintiff's failure to prosecute his case, Plaintiff's motion for reconsideration is denied. *See Kingvision Pay-Per-View Ltd. v. La Aroma Del Cafe, Inc.*, No. CV-02-0786 (CPS), 2006 WL 842398, at *2 (E.D.N.Y. Mar. 27, 2006) (denying motion for reconsideration of dismissal for failure to prosecute where plaintiff did not justify that failure to prosecute should be excused).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied in its entirety.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   May 24, 2021
         Rochester, New York